...

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATCAP INVESTMENTS, INC., a Delaware corporation, and RONALD YORK, an individual,<br><br>Plaintiffs,<br>vs.<br>HARRAH'S OPERATING COMPANY, INC., a Nevada corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 07cv0249 BTM(AJB)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant Harrah's Operating Company ("Defendant") has filed a motion to dismiss for failure to state a claim and for lack of personal jurisdiction. For the reasons discussed below, Defendant's motion to dismiss for failure to state a claim is **GRANTED**, and the motion to dismiss for lack of personal jurisdiction is **DENIED AS MOOT**.

## I. BACKGROUND

On or about July 10, 2005, Plaintiff Ronald York won Harrah's "$1,000,000 Winning Will Find You" game. York watched the drawing at Harrah's Rincon Casino.

The $1,000,000 winnings are payable in annual payments of $40,000.00 for 25 successive years.

On May 11, 2006, York entered into a "Receivable Purchase & Sale Agreement"

("Agreement") (Exh. A to Compl.), whereby York agreed to assign to Plaintiff Stratcap Investments, Inc. ("Stratcap"), eight annual installments of $40,000 (starting with the payment due on or about July 10, 2007 and continuing through and including the payment due on or about July 10, 2014) for the purchase price of $183,774.00.

On February 7, 2007, Plaintiffs filed this action. The Complaint seeks "a declaratory judgment from the Court that the Receivable Purchase and Sale Agreement is valid and binding on all parties to this action, that Defendant Harrah's be ordered to make the Assigned Payments otherwise due to Plaintiff York, to Stratcap or its assignee, as set for [sic] in the Receivable Purchase and Sale Agreement."

## II. DISCUSSION

Defendant seeks dismissal on the grounds that (1) the Court lacks personal jurisdiction over it; and (2) Plaintiffs fail to state a claim. The Court grants Defendant's motion on the second ground.

It is unclear whether the Court has personal jurisdiction over Defendant. Defendant is a Delaware Corporation with its principal place of business in Las Vegas, Nevada. It appears that Defendant is the entity that pays out the winnings at issue. However, according to Defendant, it is not the operator of Harrah's Rincon Casino and does not conduct any business in California. (Kostrinsky Decl. ¶¶ 3-4, 6.) Although Plaintiffs failed to make out a prima facie case of personal jurisdiction, the Court would be inclined to deny the motion to dismiss without prejudice and allow Plaintiffs to conduct limited discovery regarding the relationship between the various Harrah's entities and Defendant's contacts with this forum. However, the issue of personal jurisdiction is moot because Plaintiffs have failed to state a claim.

The "actual controversy" requirement of the Declaratory Judgment Act is the same as the "case or controversy" requirement of Article III of the United States Constitution. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-40 (1937). Article III requires that there be a "substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a

1  declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272
2  (1941).

3  According to the terms of the Agreement, the closing of the purchase of the winnings
4  (the "Receivable") is *contingent* upon, among other things, "Receipt by Purchaser of written
5  acknowledgment from the Gaming Authority of the assignment of the Receivable as provided
6  for herein, including the Gaming Authority's consent to and agreement to be bound by the
7  said assignment, in form and content acceptable to Purchaser." (Agreement, ¶ III.B.) The
8  Agreement defines "Gaming Authority" as "Harrah's Operating Company, Inc. or its
9  successor." The assignment of winnings is "deemed effective upon closing." (Agreement,
10 ¶ IV.)

11 Defendant has not given its consent to the assignment, and Plaintiffs do not claim
12 that Stratcap has waived the contingency. Indeed, in their opposition, Plaintiffs make it clear
13 that Stratcap has not yet made the $183,774.00 payment and will not do so "unless it is
14 assured that Harrah's will honor the transfer agreement." Therefore, the purchase has not
15 been consummated, and neither York nor Stratcap can claim harm.

16 Plaintiffs' claim is, in actuality, a request for an advisory opinion regarding whether
17 Defendant *would be* required to continue to make payments *in the event* that the winnings
18 were assigned. "Our role is neither to issue advisory opinions nor to declare rights in
19 hypothetical cases, but to adjudicate live cases or controversies consistent with the powers
20 granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights
21 Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).

22 Therefore, Plaintiff's claim for declaratory relief fails to state a claim. Plaintiff's
23 Complaint is **DISMISSED WITHOUT PREJUDICE**.

24 ///
25 ///
26 ///
27 ///
28 ///

### III.  CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss for failure to state a claim is **GRANTED**.  Defendant's motion to dismiss for lack of personal jurisdiction is **DENIED AS MOOT**.  This action is **DISMISSED WITHOUT PREJUDICE**.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  June 21, 2007

*Barry Ted Moskowitz*
Hon. Barry Ted Moskowitz
United States District Judge